IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-15-93-M |
| | ) | |
| DARYL LEE INGRAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Daryl Lee Ingram's ("Ingram") Motion for Pretrial Disclosure of Hearsay Evidence ("Motion for Disclosure of Hearsay Evidence"), filed September 1, 2015. Also before the Court is Ingram's Motion to Prevent Government From Offering Evidence of or Related to Defendant's Criminal Record ("Motion for Preclusion of 404(b) Evidence"), filed September 1, 2015. On September 29, 2015, the government filed its consolidated response to both of Ingram's motions presently before the Court.

I.  Ingram's Motion for Disclosure of Hearsay Evidence

Ingram moves this Court to order the government to disclose to his counsel two days prior to the commencement of trial in this case any and all hearsay evidence the government intends to introduce at trial against him. In its response, the government advises the Court that it will provide notice to Ingram's counsel of any hearsay evidence it intends to use against him prior to trial.[1] The government further contends that it does not plan to illicit improper hearsay testimony from any of its witnesses. In light of the government filing its Summary of Anticipated

---

[1] On January 14, 2016, the government filed its Summary of Anticipated Conspirators' Statements (*See* [docket no. 404]), and on January 19, 2015, the Court held a *James* hearing in this matter to determine the admissibility of co-conspirator statements against Ingram.

Conspirators' Statements and the *James* hearing, that was held in this matter, the Court finds that Ingram's Motion for Disclosure of Hearsay Evidence [docket no. 264] is now MOOT.

II.     Ingram's Motion for Preclusion of 404(b) Evidence

Ingram also moves this Court for an order preventing the government from introducing evidence of Ingram's criminal record, pursuant to Federal Rule of Evidence 404(b).

Federal Rule of Evidence 404(b) provides, in pertinent part:

> (b) Crimes, Wrongs, or Other Acts.
>
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident . . . .

Fed. R. Evid. 404(b). "The list of proper purposes is illustrative, not exhaustive, and Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001) (internal quotations omitted). To determine whether the admission of Rule 404(b) evidence is proper, the Tenth Circuit applies "a four part test which requires that: (1) the evidence was offered for a proper purpose under Fed.R.Evid. 404(b); (2) the evidence was relevant under Fed.R.Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed.R.Evid. 403; and (4) the district court, upon request, instructed the jury to consider the evidence only for the purpose for which it was admitted." *United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997).

The government advises it intends to offer the following Rule 404(b) evidence relating to Ingram at trial:

1. Defendant Daryl Lee Ingram's prior conviction for possession of drug proceeds, attempted manufacturing of a controlled substance (cocaine base), and possession of a controlled substance (cocaine base)(CF-2005-149);

2. Mr. Ingram's prior conviction for drug trafficking (cocaine base), possession of drug proceeds, and conspiracy to traffic controlled substance (cocaine base) (CF-2005-2215); and

3. Mr. Ingram's post-*Miranda* admission, on February 17, 2015, to prior drug trafficking, including the fact that he has made "millions" of dollars selling cocaine base, and that, following his release from prison in September 2013, he immediate [sic] began selling cocaine base again.

Resp. at 6. The government specifically contends that it intends to offer evidence of Ingram's CF-2005-149 and CF-2005-2215 convictions for the purpose of showing knowledge, intent, and lack of mistake. The government further contends that Ingram's post-*Miranda* admissions are not subject to Rule 404(b) since the statements are intrinsic to the current charges against him; however, if the Court finds these statements to be extrinsic evidence, then the evidence is admissible under Rule 404(b) because it is being offered to show knowledge, intent, and lack of mistake on Ingram's behalf.

Having carefully reviewed the parties' submissions, the Court finds that evidence of Ingram's prior convictions is admissible under Rule 404(b). First the Court finds that such evidence is being offered for the purpose of showing Ingram's knowledge, intent, and lack of mistake. Second, the Court finds that such evidence is relevant to the crimes charged in this matter. Third, the Court finds that the probative value of such evidence is not substantially outweighed by its potential for unfair prejudice. Finally, the Court would note that it will give the jury a limiting instruction in relation to this evidence. Further, after a review of Ingram's post-

*Miranda* statements, the Court finds this evidence is not Rule 404(b) evidence because it is related to the crimes charged in this matter.

Accordingly, for the reasons set forth above, the Court DENIES Ingram's Motion for Preclusion of 404(b) Evidence [docket no. 265]

**IT IS SO ORDERED this 6th day of April, 2016.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE