# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-15-93-M |
| | ) | |
| DARYL LEE INGRAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendant Daryl Lee Ingram's ("Ingram") Motion to Suppress Evidence Obtained Pursuant to the Illegal Search of 11009 North Miller, Motion for *Franks v. Delaware* Hearing, Motion to Suppress Arrest Warrant and Memorandum in Support, filed December 21, 2015. On January 8, 2016, the government responded. Based on the parties' submissions, the Court makes its determination.

On November 7, 2014, officers of the Oklahoma City Police Department executed a search warrant at 11009 North Miller ("Residence") in Oklahoma City, Oklahoma. The warrant had been issued by the Honorable Ray Elliot on September 11, 2014. The affidavit for the search warrant summarized the following facts within the search warrant:

> Based upon the ... listed facts your affiant believes there has been an ongoing conspiracy by members of the 90's street gang to distribute controlled dangerous substances since at least September 20, 1998. During the course of the conspiracy members of the gang have utilized the structure and functions of the gang to facilitate the gang drug enterprise. Leadership of the gang is responsible for taking actions to further the goals of the drug conspiracy such as bonding members out of jail and contributing monies to incarcerated members inmate trust accounts. Despite incarceration of various members of the conspiracy, the conspiracy has been able to thrive.

Gov. Resp. Exhibit 1, Affidavit for Search Warrant at 23.

Ingram now moves this Court for an order suppressing evidence obtained pursuant to the search of the Residence, setting a *Franks v. Delaware* hearing, and suppressing an arrest warrant issued in the District Court of Oklahoma County State of Oklahoma on November 7, 2014. Specifically, Ingram contends that the search and arrest warrant affidavits on their face were insufficient to provide probable cause for the issuance of the warrants, and the officer's reliance on the search warrant was not in good faith or objectively reasonable, given its facial deficiency.[1][2] Further, Ingram contends that the search warrant was based on a reckless failure to present information to the state judge which, if included, would negate any finding of probable cause.[3]

"When reviewing a magistrate's finding of probable cause for the issuance of a search warrant, [a court] must consider the totality of the circumstances and determine whether the affidavit established the probability that evidence of criminal activity would be located in the desired search area." *United States v. Le*, 173 F.3d 1258, 1265 (10th Cir. 1999)(internal quotations and citations omitted). The magistrate's determination is entitled to "great deference" and the reviewing court inquires only "whether the issuing magistrate had a 'substantial basis' for determining probable cause existed." *Id.* (internal quotations and citations omitted). Further, "[a] nexus between the objects to be seized and the place to be searched for them is established

---

[1] The government contends in its response that the arrest warrant for Ingram was never executed since Ingram was arrested on February 17, 2015, during a traffic stop. Ingram failed to address the government's contention, and, as such, the Court finds that since the arrest warrant was never executed, Ingram's Motion to Suppress Arrest Warrant is moot.

[2] Further, Ingram requests a hearing on the motion to suppress; however, the Court finds that a hearing on this motion is not necessary, as the parties have provided sufficient information for the Court to make its determination without a hearing.

[3] Ingram also requests a *Franks v. Delaware* hearing to determine whether the search warrant was based on a reckless failure to present information; however, for the reasons set forth in this Order, the Court finds that a *Franks v. Delaware* hearing is not necessary.

2

when the circumstances set out in the affidavit would warrant a person of reasonable caution to believe that the articles sought would be found at the place to be searched." *United States v. Hargus*, 128 F.3d 1358, 1362 (10th Cir. 1997).

Additionally, regarding Ingram's requests for a *Franks v. Delaware* hearing, the United States Supreme Court has held:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

*Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). Ingram contends that the affidavit states that the alleged ongoing conspiracy has been ongoing since 1998; however, the affidavit failed to mention that Ingram was incarcerated from May 24, 2005 to September 12, 2013. Ingram asserts that had the material information regarding his incarceration been included in the affidavit, the information revealed in the affidavit would have been given less credence as to him being a part of the conspiracy due to his incarceration during some period of the alleged conspiracy.

Having carefully reviewed the affidavit for the search warrant, the Court finds that while there was no mention of the dates that Ingram was incarcerated, the search warrant does mention

that, "Despite incarceration of various members of the conspiracy, the conspiracy has been able to thrive." Search Warrant, attached as Exhibit 1 to the government's Response. The Court further finds that Ingram does no more than make a conclusory statement when he asserts that that "had [the information regarding his incarceration] been revealed [it] would have given less credence to the impression left by the affidavit that [he was] part of an ongoing conspiracy during these years." Mot. to Sup. at 12. Therefore, the Court finds that despite the omission of the fact that Ingram was incarcerated from May 24, 2005 to September 12, 2013, there was sufficient content in the affidavit for search warrant to support a finding of probable cause, and thus, no hearing is required.

Ingram also contends that the totality of the circumstances presented in the affidavit for the search warrant did not amount to probable cause to believe that evidence of criminal activity would be found at the Residence. Specifically, Ingram asserts that the affidavit for the search warrant provided no information that law enforcement independently corroborated statements made by confidential informants that Ingram was the leader of the Rollin 90's street gang and that evidence of criminal activity would be found at the Residence.[4] Further, Ingram contends that there was no nexus between the Residence and suspected criminal activity because the affidavit for the search warrant did not articulate facts supporting probable cause to believe he resided at the Residence.[5] The government contends that the confidential informants' statements

---

[4] Ingram questions the reliability of the confidential informants listed in the affidavit for the search warrant as CW2 and CW3, as there is no information in the affidavit regarding the reliability of these two witnesses.

[5] As to Ingram's contention that the search warrant did not articulate facts supporting probable cause to believe that Ingram resided at the Residence, the Court would note, as the government did in its response, that Ingram has seemingly conceded he resided at the Residence buy challenging the search warrant in this motion. If Ingram did not reside at the Residence he would not have standing to challenge the search warrant.

were highly corroborative of one another and when taken together provided a substantial basis for Judge Elliot to have concluded that there was probable cause that Ingram was the leader of the Rollin 90's street gang and that evidence of criminal activity would be found at the Residence. Further, the government contends that the affidavit for the search warrant sufficiently laid out information linking Ingram to the Residence.

Having carefully reviewed the affidavit for the search warrant, the Court finds that the affidavit for the search warrant established sufficient probable cause that not only was Ingram involved in criminal activity but that there was a probability that evidence of that criminal activity would be found at his residence. Further, the affidavit for the search warrant sufficiently established the nexus between the objects to be seized and the search of the Residence. Specifically, the Court finds that, in the affidavit for the search warrant, three different confidential informants provided law enforcement officials information about Ingram's criminal activity based on personal observations. While Ingram questions the reliability of two of the confidential informants, all three confidential informants' statements were highly corroborative of each other. *See United States v. Mathis*, 357 F.3d 1200, 1205 (10th Cir. 2004) ("multiple layers of hearsay may form the basis of a finding of probable cause."). The confidential informants all identified Ingram as the leader of the Rollin 90's street gang and that Ingram was involved in the distribution of kilogram quantities of crack cocaine. Further, one of the confidential informants, who had a personal relationship with Ingram, identified the Residence as Ingram's primary residence and, further, identified Ingram's girlfriend. The affidavit for the search warrant contain facts showing that it was confirmed that utilities at the Residence was in Ingram's girlfriend's name. Additionally, the car law enforcement officers had observed Ingram driving was parked inside the garage at the Residence. Lastly, the affidavit for the search warrant

laid out detailed descriptions of documents, and items, that a person with reasonable caution could conclude were located in the Residence. Based on these findings, the Court finds that the items seized from the Residence should not be suppressed.

Accordingly, for the reasons set forth above, the Court DENIES Ingram's Motion to Suppress Evidence Obtained Pursuant to the Illegal Search of 11009 North Miller, Motion for *Franks v. Delaware* Hearing, Motion to Suppress Arrest Warrant and Memorandum in Support [docket no. 363].

**IT IS SO ORDERED this 12th day of April, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE