# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-15-93-G-1 |
| ) | Case No. CIV-19-200-G |
| DARYL LEE INGRAM, ) | |
| a/k/a Blacc, ) | |
| a/k/a Clacc, ) | |
| a/k/a Ninety Blacc, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant Daryl Lee Ingram's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1023). The Government has responded (Doc. Nos. 1048, 1052), and Defendant has filed a Reply (Doc. No. 1061). After careful consideration of the parties' arguments, the relevant authorities, and the case record, the Court determines that no evidentiary hearing is necessary and that the Motion should be denied on the existing record.[1]

### BACKGROUND[2]

In 2014, a multi-agency investigation implicated Defendant in an Oklahoma City-based drug-trafficking conspiracy. On November 7, 2014, officers executed a series of

---

[1] No evidentiary hearing is required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996).

[2] Except where specifically noted, the factual account provided herein is drawn from the Order and Judgment of the United States Court of Appeals for the Tenth Circuit. *See United States v. Ingram*, 720 F. App'x 461 (10th Cir. 2017).

search warrants at residences associated with the conspiracy, including 11009 North Miller Avenue in Oklahoma City, Oklahoma, where Defendant and his girlfriend were alleged to have resided. The search of 11009 North Miller Avenue led to the seizure of various incriminating items, including $10,388.25 in cash, a handwritten ledger documenting $48,200.00 in drug debts, and paperwork linking Defendant and his girlfriend to the residence.

Defendant was arrested on February 17, 2015, following a high-speed chase that resulted in the seizure of approximately 650 grams of crack cocaine and $4980.00 in cash. *See* Trial Tr. (Doc. No. 887) at 773:21-779:22, 787:17-793:2, 897:3-899:10.

Defendant was initially charged in *United States v. Ingram et al.*, Case No. CR-15-53 (W.D. Okla. filed Feb. 24, 2015) with one count of possession of cocaine base with intent to distribute (the "Possession Case"). *See* Indictment (Doc. No. 33), Case No. CR-15-53. Defendant was convicted on that charge following a jury trial in June 2015. *See* Jury Verdict (Doc. No. 90), Case No. CR-15-53.

Defendant was separately charged in this case—No. CR-15-93—with manufacture of cocaine base, conspiracy to possess with intent to distribute cocaine base, two counts of money laundering, and money-laundering conspiracy. *See* Second Superseding Indictment (Doc. No. 303). Prior to trial, Defendant moved to suppress the evidence seized from the search of 11009 North Miller Avenue, contending that the affidavit submitted in support of the search warrant was facially insufficient to sustain a finding of probable cause. *See* Def.'s Mot. to Suppress (Doc. No. 363). Defendant argued that the affidavit did not contain adequate, reliable information implicating him in any criminal activity or linking any

suspected criminal activity to 11009 North Miller Avenue and that, in light of such deficiencies, the executing officers' reliance on the warrant was not in good faith or objectively reasonable. *See id.* at 1-10. Defendant further argued that the probable-cause affiant intentionally and/or recklessly omitted material information from the affidavit and requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to determine whether such information, if included in the affidavit, would have negated the finding of probable cause. *See id.* at 11-12.

The Court denied Defendant's Motion to Suppress in an order dated April 12, 2016, stating in relevant part:

> Having carefully reviewed the affidavit for the search warrant, the Court finds that the affidavit . . . established sufficient probable cause that not only was [Defendant] involved in criminal activity but that there was a probability that evidence of that criminal activity would be found at his residence. Further the affidavit for the search warrant sufficiently established the nexus between the objects to be seized and the search of [11009 North Miller Avenue]. Specifically, the Court finds that, in the affidavit for the search warrant, three different confidential informants provided law enforcement officials information about [Defendant's] criminal activity based on personal observations. While [Defendant] questions the reliability of two of the confidential informants, all three confidential informants' statements were highly corroborative of each other. The confidential informants all identified [Defendant] as the leader of the Rollin 90's street gang and [stated] that [Defendant] was involved in the distribution of kilogram quantities of crack cocaine. Further, one of the confidential informants, who had a personal relationship with [Defendant], identified [11009 North Miller Avenue] as [Defendant's] primary residence and, further, identified [Defendant's] girlfriend. The affidavit for the search warrant contain[ed] facts showing that it was confirmed that utilities at [11009 North Miller Avenue] [were] in [Defendant's] girlfriend's name. Additionally, the car law enforcement officers had observed [Defendant] driving was parked inside the garage at [11009 North Miller Avenue]. Lastly, the affidavit for the search warrant laid out detailed descriptions of documents, and items, that a person with reasonable caution could conclude were located in [11009 North Miller Avenue].

Order Denying Mot. to Suppress (Doc. No. 607) at 5-6 (citation omitted) (Miles-LaGrange, J.). The Court likewise denied Defendant's request for a *Franks* hearing, finding that, irrespective of the alleged omission, the affidavit included "sufficient content . . . to support a finding of probable cause." *Id.* at 4.

The charges against Defendant proceeded to trial in April 2016. The jury was presented with substantial evidence of Defendant's guilt, including:

- items seized from the search of 11009 North Miller Avenue, including $10,388.25 in cash and a drug ledger, *see* Gov't Trial Exs. 310, 312, 317-319, 324, 326-327 (Doc. No. 1048-2); Trial Tr. 409:20-432:11;

- testimony that Defendant was seen leaving a hotel room where police later seized 800 grams of crack cocaine, more than $1000.00 cash, items used to manufacture and distribute cocaine base, and various money order receipts, *see* Trial Tr. 525:8-533:17;

- testimony that Defendant attempted to flee law enforcement after departing the home of a suspected drug dealer and known gang member in a vehicle found to contain 650 grams of crack cocaine and $4980.00 cash, *see* Trial Tr. 768:14-779:22, 787:17-793:2, 897:3-899:10;

- Defendant's videotaped confession in which he admitted to having made millions of dollars manufacturing and selling crack cocaine, *see* Gov't Trial Ex. 1; Trial Tr. 96:22-100:12, 128:22-129:10;

- testimony that Defendant fled to California upon learning that search warrants were to be executed at residences associated with the conspiracy, *see* Trial Tr. 355:1-5, 1131:16-18, 1133:18-21;

- testimony that Defendant was hiding over $93,000 in drug proceeds, *see* Trial Tr. 1736:9-1792:11;

- testimony that Defendant was involved in the manufacture and sale of crack cocaine, *see* Trial Tr. 311:11-313:8, 1029:3-1032:9; and

- testimony that Defendant had no legitimate source of income, *see* Trial Tr. 1776:7-9, 1791:14-25.

After a 12-day jury trial, Defendant was convicted on all charges. *See* Jury Verdict (Doc. No. 644) at 1-2. He was subsequently sentenced to life imprisonment. J. (Doc. No. 811) at 2.

Defendant appealed the denial of his Motion to Suppress to the United States Court of Appeals for the Tenth Circuit, which affirmed on December 22, 2017. *See Ingram*, 720 F. App'x 461. The Tenth Circuit opted to "skip the probable-cause question," affirming instead on the ground that the warrant to search 11009 North Miller Avenue had been executed in good faith. *Id.* at 467. The appellate court likewise affirmed the denial of a *Franks* hearing, holding that Defendant had not shown "the kind of deliberate or reckless falsity that would entitle him to relief under *Franks*" and that the alleged omissions were immaterial in any event. *Id.* at 470.

Defendant filed a petition for writ of certiorari, which the United States Supreme Court denied on February 26, 2018 (Doc. No. 990).

Defendant filed the instant pro se Motion Under 28 U.S.C. § 2255 on February 21, 2019,[3] contending: (1) that his conviction on the drug-conspiracy charge constitutes double jeopardy; (2) that the Court erred in denying his Motion to Suppress and related request for a *Franks* hearing; and (3) that his trial and appellate counsel rendered ineffective assistance. *See* Def.'s Mot. at 5-11.

---

[3] By operation of the prison-mailbox rule, Defendant's motion—docketed February 28, 2019—is deemed filed on February 21, 2019. *See* Def.'s Mot. at 13 (declaration of mailing dated Feb. 21, 2019); *United States v. Spence*, 625 F. App'x 871, 873 (10th Cir. 2015).

STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody serving a federal sentence may move to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

The remedy available under § 2255 has two procedural limitations. First, § 2255 does not supply relief for issues that have been raised and considered on appeal unless there has been an intervening change in the law. *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

Second, § 2255 "is not available to test the legality of matters which should have been raised on appeal" unless the movant "can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (internal quotation marks omitted). "[I]f the government raises [this] procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown." *Id.* Claims of ineffective assistance of counsel are not subject to procedural bar and are, instead, more appropriately raised for the first time in a § 2255 motion in most instances. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

ANALYSIS

*I.   Double Jeopardy*

Defendant first contends that his conviction on the drug-conspiracy charge constitutes double jeopardy because he was previously convicted of the underlying drug offense—possession of cocaine base with intent to distribute—in the Possession Case. *See* Def.'s Mot. at 5-6.  Defendant complains that the Government procured a conviction in this case using "the same 650 grams of crack" it used to convict him in the Possession Case and otherwise "ran the possession trial again inside the conspiracy trial." *Id.*

The Government argues, and the Court agrees, that Defendant's double jeopardy argument is procedurally barred because it was not raised on direct appeal.  *See Allen*, 16 F.3d at 378.  And though Defendant suggests that allegedly ineffective assistance of appellate counsel would serve as cause for this omission, *see* Def.'s Reply at 8-9, Defendant cannot show actual prejudice resulting from the alleged error because the double jeopardy claim is meritless.[4]  It is well settled that the commission of a substantive crime and a conspiracy to commit that crime "are separate offenses for double jeopardy purposes." *United States v. Felix*, 503 U.S. 378, 391 (1992).[5]  As such, the crimes may be separately charged and tried without offending the Double Jeopardy Clause, even if the

---

[4] As with the other procedurally defaulted claims, there is no argument made or suggestion in the record that the Court's failure to address the claim will result in a fundamental miscarriage of justice.

[5] These offenses are separate under the *Blockburger* test because "[a] conspiracy charge requires only proof of an agreement to commit the offense, not possession of an illegal substance," while "a possession charge requires (obviously) proof of possession [but not] proof of an agreement." *United States v. Terrell*, 191 F. App'x 728, 733 (10th Cir. 2006).

same evidence is used to prove their commission. *See Terrell*, 191 F. App'x at 733; *United States v. Hardwell*, 80 F.3d 1471, 1486 (10th Cir.) ("Use of the same evidence to prove different offenses does not by itself violate the Double Jeopardy clause."), *reheard in part on other grounds,* 88 F.3d 897 (10th Cir. 1996).

Therefore, review of Defendant's double jeopardy argument is procedurally barred.

## II. *Denial of Motion to Suppress and Request for a Franks Hearing*

Defendant next challenges the Court's denial of his Motion to Suppress and related request for a *Franks* hearing. *See* Def.'s Mot. at 8-9. The Government argues that because the Tenth Circuit already has considered and rejected these claims, Defendant may not relitigate them via a § 2255 motion. *See* Gov't Resp. at 20-21 (citing *Ingram*, 720 F. App'x at 467-71).

The Court finds that the Government's objection is well taken. *See Prichard*, 875 F.2d at 791 ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."); *see also United States v. Irving*, 665 F.3d 1184, 1192-93 (10th Cir. 2011) (declining to reconsider challenges that were rejected on a co-defendant's direct appeal); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (holding that the defendant's arguments were "previously considered and disposed of" on direct appeal and, "[t]herefore, [the defendant] may not raise these issues under § 2255").

Further, to any extent Defendant's § 2255 Motion modifies his previous argument regarding the denial of the *Franks* hearing, such a new claim is procedurally barred due to Defendant's failure to raise the argument on direct appeal and his inability to show

prejudice from the newly alleged errors. *See Allen*, 16 F.3d at 378. Specifically, Defendant had argued that a *Franks* hearing was warranted because the affiant omitted the fact that Defendant was incarcerated during a portion of the time discussed in the affidavit submitted in support of the search warrant. *See Ingram*, 720 F. App'x at 469-70 ("He says that if the detective had stated that Ingram and his co-conspirators were in state custody from 2005 until 2013, then the judge wouldn't have believed that 'Ingram had been involved in a continuous drug-trafficking conspiracy for the last [sixteen] years [i.e., since 1998].'" (alterations in original)). Defendant now highlights the fact that four of the pre-2005 incidents he was involved with that were cited in the affidavit resulted in dismissed charges. *See* Def.'s Mot. at 9, 14. Defendant also contends that it was material—and appellate counsel was ineffective for failing to argue—that "between 2005-2010 all male[s] that w[ere] indicted w[ere] incarcerated," suggesting that this fact additionally undermines the finding of probable cause in the affidavit. *Id.* at 16.

Even assuming that ineffective assistance of appellate counsel constitutes cause for Defendant's failure to previously raise these arguments, Defendant cannot show any actual prejudice. The affidavit does not state, for instance, that the pre-2005 incidents resulted in convictions; rather, it simply recounts a series of incidents, including who and what were located at particular incidents. *See* Aff. (Doc. No. 1048-1) at 20-22. The affidavit also expressly noted that several of the co-conspirators had spent time in jail. *See id.* at 23 ("Despite incarceration of various members of the conspiracy, the conspiracy has been able to thrive."). Defendant therefore has not identified "deliberate or reckless falsity" in the affidavit. *Ingram*, 720 F. App'x at 470. In addition, "the bulk of the drug-trafficking

9

described in the affidavit happened in 2014," and thus what happened prior to 2014 "wouldn't have undermined the Oklahoma County District Court's probable-cause finding." *Id.* Because the 2014 drug-trafficking information contained in the affidavit was, by itself, sufficient to establish probable cause that Defendant was a drug trafficker, information related to his prior incarceration, the incarceration of his co-conspirators, and his prior arrests was ultimately immaterial to the probable cause finding. Because "*Franks* doesn't extend to immaterial omissions," Defendant cannot establish actual prejudice from the omissions of the cited facts from the affidavit. *Id.* (internal quotation marks omitted).[6]

Accordingly, Defendant is not entitled to relief on these claims.

## III. Ineffective Assistance of Counsel

In his remaining arguments, Defendant contends that he received ineffective assistance of counsel. *See* Def.'s Mot. at 7, 14-17.

To show that his counsel's performance was constitutionally ineffective, Defendant must demonstrate that the performance of counsel was deficient and that such deficiency prejudiced the outcome of the case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the first prong of the *Strickland* test—that counsel's performance was deficient—Defendant must show that counsel's behavior was unreasonable under

---

[6] Further, though not raised by the Government, claims arising under the Fourth Amendment are not reviewable under § 2255 unless Defendant can show that he has been denied an opportunity to fully and fairly litigate them. *See Stone v. Powell*, 428 U.S. 465, 482 (1976); *see also United States v. Lee Vang Lor*, 706 F.3d 1252, 1257 (10th Cir. 2013) (explaining that the *Stone* bar applies to § 2255 motions). The record reflects that Defendant had a full and fair opportunity to litigate his Fourth Amendment claims both prior to trial and on direct appeal, and Defendant does not contend otherwise.

"prevailing professional norms." *Id.* at 688. The Supreme Court shuns specific guidelines for measuring deficient performance, as "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id*. at 688-89. Defendant must overcome the presumption that the "challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Even if Defendant shows deficient performance, he must also show prejudice by establishing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. In making that determination, the court must "tak[e] the unaffected findings as a given" and decide whether the outcome "would reasonably likely have been different absent the errors." *Id*. at 696.

The Court "may address the performance and prejudice components in any order" and "need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

A. <u>Failure to Introduce Evidence of Prior Conviction</u>

Defendant first complains that his trial counsel failed to introduce evidence of his drug conviction in the Possession Case. *See* Def.'s Mot. at 7, 16; Def.'s Reply at 6-10. Such "bad acts evidence will always, by its nature, be detrimental to a defendant in a criminal trial" and is generally inadmissible to prove guilt. *United States v. Pham*, 78 F. App'x 86, 89-90 (10th Cir. 2003); *see* Fed. R. Evid. 404(b). In addition, during trial, Defendant signed and presented to the Court a written statement of his understanding that his attorneys "do not believe informing the jury . . . of said conviction is in my best interest and that it will prejudice the jury against me in this matter." Ct.'s Ex. 1 (Doc. No. 612-1). Accordingly, Defendant has not overcome the presumption that counsel exercised "sound trial strategy" in withholding this evidence from the jury. *Strickland*, 466 U.S. at 689 (internal quotation marks omitted).

B. <u>Failure to Introduce New Evidence</u>

Defendant next faults trial counsel for failing to "argue new found evidence in trial." Def.'s Mot. at 7. In support of this claim, Defendant states that the search warrant "say[s] a camera got [him] going in [and] out of a stash house," but upon request for the footage, "[t]hey said the camera didn't work." *Id.* Whatever Defendant's theory regarding the nonexistence or unavailability of the alleged camera footage, he makes no attempt to establish prejudice from trial counsel's failure to present the relevant evidence, as required by *Strickland*. For that reason, his claim fails. *See Strickland*, 466 U.S. at 694 (explaining that a defendant must show "a probability sufficient to undermine confidence in the

outcome" "that, but for" the attorney's errors, "the result of the proceeding would have been different").

        C.      <u>Failure to Challenge the Credibility of Cooperating Witnesses</u>

Defendant makes several arguments directed at the credibility of the cooperating witnesses mentioned in the affidavit supporting the warrant to search 11009 North Miller Avenue. *See* Def.'s Mot. at 14-15, 17. Defendant appears to be arguing that his attorneys failed to challenge the credibility of the cooperating witnesses at trial and/or on appeal. But this argument is at least partially belied by the record, which reflects that Defendant's trial attorney did in fact challenge the credibility of the cooperating witnesses—a challenge that was rejected in the Court's order denying Defendant's Motion to Suppress. *See* Order Denying Mot. to Suppress at 4-5; *see also United States v. Clark*, 650 F. App'x 569, 571 (10th Cir. 2016) (rejecting the defendant's contention "that counsel was ineffective for failing to object to his criminal-history calculation" where the record showed that counsel did in fact object to the calculation).

Insofar as Defendant criticizes his appellate lawyer for failing to press the credibility issue, Defendant's broad objections do not overcome the presumption that the decision to winnow out this argument in favor of stronger arguments was sound strategy. "[T]he Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal." *Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir. 1995); *see also Smith v. Murray*, 477 U.S. 527, 536 (1986) (explaining that the process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail . . . is the hallmark of effective appellate advocacy" (internal quotation marks omitted)).

13

D.   Failure to Challenge Exclusion of Evidence Regarding an Unrelated Investigation

Defendant next criticizes his appellate lawyer for failing to challenge the exclusion of evidence of an unrelated investigation involving the probable-cause affiant in this case. Def.'s Mot. at 17. Defendant's theory appears to be that this evidence would have cast doubt upon the truthfulness of the probable-cause affiant, possibly entitling Defendant to relief under *Franks*. Defendant's speculative claims do not, however, overcome the presumption that his appellate counsel's decision to winnow out this argument in favor of stronger arguments was sound appellate strategy. *See Smith*, 477 U.S. at 536.

E.   Miscellaneous Ineffective-Assistance Claims

In his remaining arguments, Defendant does not directly challenge counsel's performance but instead attacks the quality and nature of the evidence presented against him. *See* Def.'s Mot. at 14-16. Under a liberal construction and taken together with Defendant's overarching complaint that his appellate lawyer did not raise certain facts, Defendant appears to be arguing that he received ineffective assistance because, on appeal, counsel failed to challenge the sufficiency of the evidence to sustain his convictions. *Id.* at 14. This claim fails because Defendant has not shown prejudice or overcome the presumption that counsel's decision not to challenge the sufficiency of the evidence was

sound appellate strategy. The evidence of Defendant's guilt—as summarized above—was both extensive and compelling.

## CONCLUSION

It is therefore ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1023) under 28 U.S.C. § 2255 is DENIED. Defendant's Motion to Compel Case File (Doc. No. 1009) is DENIED as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a defendant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

A separate judgment shall be entered.

IT IS SO ORDERED this 30th day of September, 2022.

*[signature]*
CHARLES B. GOODWIN
United States District Judge